IN THE U.S. DISTRICT COURT OF CONNECTICUT
at Hartford

| | |
|---|---|
| JOHN SAKON<br>NF OWS<br>    *Petitioners*<br>v<br><br>STATE OF CONNECTICUT<br><br>TAMMY NGUYEN-O'DOWD<br>LEO DIANA<br>ROBERT NASTRI<br>  in official and individual capacities<br>    *Defendants* | ADA Discrimination<br><br>Jury Trial Demanded<br><br>Case:<br><br>MAY 9 2023 PM1:28<br>FILED-USDC-CT-HARTFORD |

## COMPLAINT

Plaintiff John Sakon and next friend, minor son OWS, bring claim for relief against defendants for conspiracy in deprivation of rights under color of state law, in violation of Americans With Disabilities Act, Title II; brought under 42 USC §1985 action, Third Enforcement Act of 1871, Ku Klux Klan Act, a federal remedy for deprivation federal civil rights protections, so committed by conspiracy of the State and its employees, a politic holding burden under ADA for compliance, failure of which is cause for suit.

## NATURE OF ACTION

The plaintiff-father is a qualified individual, under ADA, victim of retaliation and discrimination at the hands of defendants Nguyen, Diana, Nastri, employees of the State of Connecticut, in administration of state services of visitation incidental to divorce. The defendants conspire to violate ADA anti-discrimination protections in

1

issuing and enforcing discriminatory orders violating federal rights of plaintiff-father and son by association. The suit is brought after willful refusal by defendant Nastri to remedy discriminatory conduct, where fair notice given of federal action by plaintiff nor non-compliance, summarily rejected by Nastri, an act of conspiracy.

## JURISDICTION AND VENUE

This court has jurisdiction over the subject matter and the parties pursuant to 28 USC §§1331, 1343, 2201, and 2202. Plaintiffs bring suit under Title II of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 USC. §12101, *et seq*. Supplemental jurisdiction under 28 USC §1367. Venue is proper pursuant to 28 USC §1391(b)(2), (c).

## PARTIES

Plaintiff John Sakon, a qualified individual, under the ADA, recipient of state public service of regulated parental visitation incidental to divorce. OWS is Sakon's minor son, a victim of discrimination, by association, both Connecticut residents.

Defendant, State of Connecticut, an entity covered under Title II of the ADA, federally obligated for compliance, named in suit for failure to train employees or assure compliance, as required under the act, named defendant should USDOJ join suit, as allowed for federal enforcement by the Act.

Defendants Nguyen, Diana, Nastri, state employees, judges of Superior Court, engaged in prohibited discrimination; deprivation of federal rights, acting in conspiracy to deprive rights. Prohibited conduct outside judicial job function voids any claim of immunity.

## FACTS

The State of Connecticut, acting thru family court, agents Nguyen, Diana, Nastri, violate Americans with Disabilities Act, Title II, which prohibits discrimination against qualified individuals and associated persons, in providing state services. It is Connecticut's burden to comply with the Act. Conduct by defendants of holding hearing to decide if it is in violation of the Act is itself a violation. All evidence of non-compliant service orders contained in Nguyen's memo of decision of July '22, before Diana in April '23, and Nastri in May '23 who conspire in failure to address discrimination, prohibited by the Act. Nastri refuses to address non-compliance, given fair warning by plaintiff of complaint in federal court for relief. The defendants incur state liability, subjecting the politic to USDOJ enforcement action, under, 28 CFR §35.190(b)(6), where no immunity lies.

Judge Nguyen ruled father-defendant suffers from mental impairment, requiring 'treatment', denying access to his son, a fundamental liberty interest, being discriminatory conduct based on disability; a civil rights violation under federal law, actionable in federal court under 42 USC §§ 1983, 1985, Third Enforcement Act of 1871, for violation of the Fourteenth Amendment. Defendants

3

violate 28 CFR §35.130 Prohibitions against discrimination. See *Pennsylvania v. Yeskey, 524 U.S. 206, 209-212* on breadth of Title II coverage.

The defendants discriminates against plaintiff OWS by association to disabled plaintiff-father, denying the child constitutionally protected paternal relationship, a fundamental liberty interest, in absence of strict scrutiny requirements under substantive due process clause of the Fifth Amendment, see *Troxel v Granville, 530 US 57, 65*. Defendants' violation obvious. Broad discretion of the court assumed in *Yontef v Yontef, 185 Conn 275, 279* does not void Fourteenth Amendment, nor State's burden for compliance to the Act. Discrimination against plaintiff-son for cause of association with disabled plaintiff-father violates 28 CFR §35.130(g): A public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

Nguyen prohibits visitation while stripping plaintiff-father of custody absent required finding under 28 CFR §35.139 Direct Threat, (b) where no assessment based on medical knowledge made to ascertain nature, duration, severity of risk, or probability of injury; a due process failure; said violation upheld by co-conspirators Diana and Nastri. State child protection agency found no threat to plaintiff-son by plaintiff-father, a fact known to the conspirators. Defendants'

discrimination fails ADA's basic requirement for individualized inquiry, relying solely on generalizations and stereotypes regarding people with disabilities.

Defendants' conduct is unconstitutional by vagueness where court holds no proper diagnosis of a mental defect, no evidence of conditional harm to the child, no specifics of treatment, no qualification of treator, no protocol of 'therapeutic', no measure of efficacy, no standard of care. Visitation orders fail strict scrutiny requirements of parental protection under substantive due process clause of Fifth Amendment, imposed on states by Fourteenth. See *Troxel, supra*. It is State duty under the Act to remedy misconduct of defendants by administrative procedure which was denied by state agent Melanie Buckley, in April '23, with direction to seek federal relief. The public entity fails ADA compliance, denying remedy thru administrative means, 28 CFR §35.107 (b), failing to provide 'prompt and equitable resolution'.

Defendants violate State fiduciary responsibility in use of federal grant money, warranted by the Governor not to be used in deprivation of rights, discrimination, violation of federal law, 45 CFR §84.5 Assurance, as the defendants' agency is user of such funds, received on behalf of the State. See 45 CFR § 84.4 Discrimination prohibited with federal financial assistance; 45 CFR §84.61 Procedure Civil Rights remedy. See also 2 CFR § 200.415, Required certifications.

Defendants violate Canon 2.3(b) by conduct manifesting prejudice, discrimination based on disability, while condoning court orders in violation of

ADA, beyond judicial function, in defiance of the Fourteenth Amendment, being criminal conduct under Enforcement Act, 18 USC §241, for which no immunity lies. Defendants are guilty of acting in violation of federal law, obstructing execution of the Act, by conduct under color of State authority, being disobedient to supreme authority of the land, defendants hold no shield nor defense from U.S. judicial power, by conduct, defendants conflict with superior authority submit themselves to consequences of their actions, for which the State cannot impart immunity. See *In Re Ayers, 123 U.S. 443, 607 (1887),* also *Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 242 (1985).*

Discrimination by the public entity, acting thru conspiring defendants, discriminating against plaintiffs, being violation of ADA. Defendants claim a mental defect/personality disorder to deny fundamental liberty interests of plaintiffs, where public entity labels plaintiff-father a 'qualified individual' under the ADA, then cites disability to deny liberty; discriminatory conduct prohibited by the ADA; 28 CFR §35.130. Discrimination extending against the child, for his relationship with a qualified individual, a deprivation of fundamental liberty interest in familial companionship, so proscribed by the ADA; 28 CFR §35.130(g).

### CLAIM FOR RELIEF

Plaintiffs, being victims of discrimination in violation of ADA, claim injunctive and declaratory relief, compensatory and punitive damages, fees, costs. The §1985 nature of the complaint, under Ku Klux Klan Act of 1871, requires the district

court to take enforcement action against offending state actors, assuring compliance with protections afforded citizens by federal law. ADA, Title II, compliance enforcement being federal court duty. Plaintiffs claim declaratory judgment that public service provided by defendants violates ADA and protections of the Fourteenth Amendment, that injunctive relief is necessary to arrest the decree violating ADA and civil rights of plaintiffs. Plaintiffs claim the public entity systematically conspires to violate ADA in similar decrees, whereby ------------------------ parents and children suffer discrimination, as in the instant matter, in violation of ADA, by conspiracy of unscrupulous state actors, under color of state law, where culpably negligent persons fail to arrest deprivation of rights, invoking liability under 42 USC §1986; that defendant State uses federal funds in administration of ADA non-compliant services, being fraud, in violation of Governor's warranty against use for impropriety or deprivation of rights.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests this court:

1. Enjoin defendants from unlawful discrimination complained herein.

2. Provide injunctive relief against decree that violates ADA, fails due process, discriminates against plaintiffs.

3. Award compensatory and punitive damages as determined by jury.

4. Award reasonable costs and fees.

5. Other such proper relief.

6. Court to invoke enforcement authority for the Fourteenth Amendment upon the State, appoint overseer to audit defendants' ADA compliance.

## JURY DEMAND

Plaintiff demands jury trial of all claims and causes of action.

9 May 2023                                                      John Sakon