| [x] APPEAL | [ ] JOINT APPEAL | [ ] CROSS APPEAL | [ ] AMENDED APPEAL | [ ] CORRECTED FORM |

JD-SC-33   Rev. 11-17
P.B. Sections 3-8, 60-7, 60-8, 62-7, 62-8, 63-3, 63-4, 63-10, 72-3
C.G.S. Sections 31-301b, 51-197f, 52-470

*All appeals must be filed electronically unless an exemption from the requirements of electronic filing has been granted or you are an incarcerated self-represented party. For further information about e-filing or this form, see the Appeal Instructions, form JD-SC-34.*

[ ] To Supreme Court   [x] To Appellate Court

**Name of case** *(State full name of case)*
Sakon, Francelia vs. Sakon, John Alan

**Type of appellate matter** *(If a writ of error, the writ and the signed marshal's return must be filed on the same business day as this form. See Practice Book Section 72-3.)*
**Writ of Error**

## Trial Court History

**Tried to:** Court
**Trial court location:** Hartford Family Court, Hartford, Connecticut
**Trial court judges being appealed:** Hon. Tammy Nguyen-Odown
**List all trial court docket numbers, including location prefixes:** 2016- HHD-FA-16-6071228-S

**All other trial court judges who were involved with the case:**
**Judgment for** *(Where there are multiple parties, specify those for whom judgment was rendered)*

**Date of judgment(s) or decision(s) being appealed:** 12/14/2020
**Date of issuance of notice on any order on any motion that would render judgment ineffective:** 02/23/2021
**Date for filing appeal extended to:** 03/29/2021

**Case type:** Civil
**For Juvenile Cases:** [ ] Termination of Parental Rights   [ ] Order of Temporary Custody
**For Civil/Family Case Types, Major/Minor code:** F00
[ ] Other _____

## Appeal

**Appeal filed by** *(Party name(s))*
Defendant-father John Alan Sakon

**From** *(the action that constitutes the appealable judgment or decision)*
Refusal to timely Schedule and hear 52 Pending Motions for Contempt filed from 2017 to 2021; Denial of Motion in Limine for Custody Evaluation filed in 12/06/2019 for a 05/24/2021 trial; Refusal to restore Father's Visitation rights

*If this appeal is taken by the State of Connecticut, provide the name of the judge who granted permission to appeal and the date of the order*

**Statutory Basis for Appeal to Supreme Court**

**By (Signature):** John Sakon
**Telephone number:** 860-793-1000
**Fax number:** 860-675-4600
**Juris number** *(If applicable)*

## Appearance

**Type name and address of counsel of record filing this appellate matter** *(This is your appearance; see Practice Book Section 62-8)*
John Alan Sakon; 28 Fenwick Drive, Farmington, Connecticut 06032
**E-mail address:** johnsakon@yahoo.com

**"X" one if applicable**
[ ] Counsel or self-represented party who files this appeal will be deemed to have appeared **in addition to** counsel of record who appeared in the trial court.
[ ] Counsel or self-represented party who files this appeal is appearing **in place of:**

**Name of counsel of record:**
**Juris number** *(If applicable)*

## Certification

I certify that a copy of the appeal form I am filing will immediately be delivered to each other counsel of record and I have included their names, addresses, e-mail addresses and telephone numbers; the appeal form has been redacted or does not contain any names or other personal identifying information that is prohibited from disclosure by rule, statute, court order or case law; and the appeal form complies with all applicable rules of appellate procedure in accordance with Practice Book Sections 62-7 and 63-3.

**Date to be delivered:** 03/10/2021

*If you have an exemption from e-filing under Practice Book Section 60-8, attach a list with the name, address, e-mail address, and telephone number of each counsel of record and the address where the copy was delivered.*

If this appeal is a criminal or habeas corpus matter, I certify that a copy of this appeal form will immediately be delivered to the Office of the Chief State's Attorney Appellate Bureau. Date to be delivered _____.

**Signed** *(Counsel of record)*
**Date signed:** 03/10/2021

## Required Documents

To be filed with the Appellate Clerk within ten days of the filing of the appeal, if applicable. See Practice Book Section 63-4.
1. Preliminary Statement of the Issues
2. Court Reporter's Acknowledgment or Certificate that no transcript is necessary
3. Docketing Statement
4. Statement for Preargument Conference (form JD-SC-28A)
5. Constitutionality Notice
6. Sealing Order form, if any

[x] Entry Fee Paid   [ ] No Fees Required   [ ] Fees, Costs, and Security waived by Judge *(enter Judge's name below)*

*Court Use Only — Date and time filed*

**Judge:**
**Date waived:**

**Appellate Case # AC 44634**

| | |
|---|---|
| **HHD-FA-16-6071228-S** | **SUPERIOR COURT** |
| **FRANCELIA SAKON** | **J.D. OF HARTFORD** |
| **vs** | **AT HARTFORD** |
| **JOHN A. SAKON** | **April 21, 2021** |

<b>AMENDED WRIT OF ERROR</b>

Pursuant to Connecticut Practice Book § 72-1, *et seq.* and by the authority of the State of Connecticut, Francelia Marie Sevin Sakon has been summoned to appear before the Appellate Court of the State of Connecticut to answer a writ of error with a return date of April 13, 2021 filed by the plaintiff in error John Alan Sakon. The Plaintiff in Error now files this amended writ of error, where John Alan Sakon complains and says:

**Writ of Error #1**

    1.    This writ of error is brought from a decision of the Superior Court, Judicial District of Hartford, in the matter of Francelia Sakon v. John Alan Sakon, HHD-FA-16-6071228-S, to delay the immediate hearing of more than 53 docketed Motions for Contempt which were filed between 2017 to 2021 and are now scheduled to be heard (sic) at trial no sooner than May 24, 2021.

    2.    John Alan Sakon ("defendant" and "defendant-father") is the party defendant-in-error in the underlying action.

    3.    Francelia Marie Sevin Sakon ("plaintiff" or "plaintiff-mother") is the party plaintiff in the underlying action.

596.40

4.   The subject matter of this writ is not a criminal contempt. Therefore the Superior Court, Judicial District of Hartford is not a necessary party under Connecticut Practice Book § 72-3(e).

5.   By order of the court (Simon J.) on 03/03/2017, "...*neither party shall file any motion before the Court without a request for leave,....*". See HHD-FA-16-6071228-S [152.00].

6.   From 06/19/2017 to the present time, the defendant-father has filed more than 53 Request for Leave to file a Motion for Contempt against the plaintiff-mother for violation of the orders of the court, mostly for lost visitations. The court, finding probable cause, has approved all but one of these requests and each Motion for Contempt has been filed on the docket.

7.   On 01/24/2019 and 01/29/2019, defendant-father moved, pursuant to Practice Book § 11-19 for a reassignment of the outstanding short calendar motions to date certain. See HHD-FA-16-6071228-S [249.00; 254.00]. Said order was granted. Defendants caseflow request of 1/24/2019 to schedule an immediate hearing, as some motions were outstanding for 14 months, was also granted to a date uncertain in 04/2019. *ibid* [248.10]. However, case flow did not schedule any date as plaintiff's counsel would not agree as to a date.

8.   On 05/08/2019, the court (Olear J.), denied defendant's request to file 6 Motions for Contempt for lost visitations without prejudice, noting the defendant may request to have the motions heard at the custody hearing. *ibid,* [278.00]

9.   On 8/8/2019, the court (Nastri J.) granted defendant's request to file an additional 5 Motions for Contempt for lost visitations. *ibid* [296.50] [296.70]. However, the court (Nastri J.) granted plaintiff's motion for continuance when the matters

2

appeared on the 8/21/2019 short calendar. *ibid* [305.10]. When the matters appeared on a subsequent calendar, on 09/10/2019 the court ordered the parties to go to Caseflow to yet again schedule hearing dates on Defendant's Contempt Citations. *ibid* [309.10]. When plaintiff's counsel refused to agree upon any hearing dates, on 09/16/2019, the court (Nastri J.) ordered all pending to be heard at the then scheduled Custody hearing on 12/09/2019. *ibid* [309.50].

10. On 10/22/2019, the court (Nastri J.) granted defendant's request to file an additional 2 Motions for Contempt for lost visitations to be heard at the then scheduled Custody hearing on 12/09/2019. *ibid* [321.60].

11. On 10/29/2019, the court (Nastri J.) granted defendant's request to file an additional 2 Motions for Contempt for lost visitations to be heard at the then scheduled Custody hearing on 12/09/2019. *ibid* [328.00].

12. Defendant's case flow request of 11/20/2019 seeking additional hearing dates as there were now 16 Motions for Contempt to be heard at the 12/09/2019 Custody proceeding was denied (Nguyen-Odowd J.). *ibid* [333.05; 336.00].

13. On 12/06/2019, the matter was reassigned to Regional and 12/09/2019 Custody Proceeding was reset for a Custody Hearing on 03/16/2019 (Connors J., Presiding Judge Hartford). All motions were assigned to Regional and no Motions for Contempt were scheduled in Hartford Family court on 12/09/2016. *ibid* [336.50]. *See also order* (Diana, J,) Juno Notice of 12/06/2019.

14. On 12/09/2019, the defendant filed a request for the reassignment of outstanding motions for contempt to the short calendar. *ibid* [342.00; 343.00]. On 01/06/2020, the defendant filed a Case Flow Request to schedule pre-trial motions. *ibid* [354.00]. Defendant's 12/09/2019 request to schedule the hearings on the outstanding

3

motions (for Contempt) was denied by the Court (Connors J.) on 1/21/2020. *ibid* [371.00; 372.00].

    15.    On 02/07/2020, defendant filed yet another request to file a Motion for Contempt for lost visitation. *ibid* [388.00]. On 02/27/2020, the request was granted (Connors J.), but the order stated that in the interest of "judicial economy" the underlying motion will be heard at the then scheduled trial on 03/16/2020. *ibid* [399.50].

    16.    On 02/10/2020, defendant filed yet another request to file a Motion for Contempt for lost visitation. *ibid* [391.00]. On 02/27/2020, the request was granted (Connors J.) but the order stated that in the interest of "judicial economy" the underlying motion will be heard at the then scheduled trial on 03/16/2020. *ibid* [399.60].

    17.    The 03/16/2020 hearing was cancelled due to Covid-19. No hearing date for the outstanding Motions for Contempt was assigned at that time.

    18.    On 04/14/2020, defendant filed yet another request to file a Motion for Contempt for lost visitation. *ibid* [413.00]. On 02/27/2020, the request was granted (Connors J.) but the order stated that in the interest of "judicial economy" the underlying motion will be heard at time of trial date uncertain. *ibid* [399.60].

    19.    On 08/31/2020, the court heard a motion for order Elementary School by remote hearing. *ibid* [416.00].

    20.    On 04/14/2020, defendant filed yet another request to file a Motion for Contempt for lost visitation. *ibid* [413.00]. On 09/25/2020, the request was granted (Connors J.) but the order stated that in the interest of "judicial economy" the underlying motion will be heard at time of trial which was then postponed at the then scheduled trial on 12/14/2020. *ibid* [435.00].

21. On 09/23/2020, defendant filed a Request to File Motion for Protective order and Expedited Hearing as to the mother's open Contempt of Court in denying some 20 summer visitations. *ibid* [433.00]. On 10/07/2020, the request was granted (Connors J.) to file the Motion for Order of Protection, but was denied to the extent it requests an immediate or expedited hearing. The underlying issue to be heard at the then scheduled trial on 12/14/2020. *ibid* [433.10].

22. Trial was scheduled for 12/14/2020 to 12/18/2020. *ibid* [434.00].

23. On 10/06/2020, defendant filed yet another request to file 25 Motions for Contempt for 20 lost summer visitations. *ibid* [442.00]. On 10/26/2020, the request was granted (Connors J.) however *the defendant was ordered to refrain from filing any further Requests for Leave to File Motions for Contempt pertaining to denial or parental access to the minor child until the time of the trial management conference in this matter.* All outstanding Motions for Contempt will be heard at the then scheduled trial on 12/14/2020. *ibid* [447.00].

24. On 10/12/2020, defendant filed yet another request to file a Motion for Contempt for lost visitations. *ibid* [443.00]. On 10/26/2020, the request was granted (Connors J.) however the defendant was ordered to refrain from filing any further Requests for Leave to File Motions for Contempt pertaining to denial or parental access to the minor child until the time of the trial management conference in this matter. All outstanding Motions for Contempt will be heard at the then scheduled trial on 12/14/2020. *ibid* [447.00].

25. Pre-trial motions to Quash and in Limine were heard on 12/14/2020, 12/21/2020 and 01/11/2020 and no Motions for Contempt were considered by the court.

Pre-trial was continued to 02/01/2021, but no Motions for Contempt were heard on that date.

26.     On 01/05/2021, defendant filed his omnibus 26 Motions for Contempt pursuant to Court Order 447.00. *ibid* [525.00]. The outstanding Motions for Contempt now numbered 50.

27.     On 01/11/2020, defendant filed yet another request to file 4 Motions for Contempt for lost visitation. *ibid* [529.00]. On 01/25/2021, the request was granted (Nguyen-Odowd J.) the underlying motions to be heard at the then scheduled trial on 02/22/2021. *ibid* [529.10].

28.     On 02/16/2021, plaintiff-mother filed for a Motion for Continuance of the 02/22/2021, 02/23/2021, 03/04/2021 and 03/05/2021 trial dates due to the illness of counsel. *ibid* [562.00]. Defendant objected to yet another continuance of trial, this being the 10th continuance of the start of trial. *ibid* [563.00]. On 02/17/2021, the day before trial yet another continuance was granted. *ibid* [562.01]. And the objection overruled. *ibid* [563.01].

29.     Trial has been rescheduled to begin on 05/24/2021.

30.     On 02/22/2021, defendant filed his 51st request to file a Motion for Contempt for lost visitation of 02/20/2021. *ibid* [566.00]. On 03/12/2021, the request was granted (Nguyen-Odowd J.) the underlying motions to be heard at the now scheduled trial on 05/24/2021. *ibid* [580.00].

31.     On 03/09/2021, defendant filed his 52nd request to file a Motion for Contempt for lost visitation of 03/06/2021. *ibid* [573.00]. On 03/26/2021, the request was granted (Nguyen-Odowd J.) the underlying motions to be heard at the now scheduled trial on 05/24/2021. *ibid* [589.10].

32. On 03/15/2021, defendant filed his 53rd request to file a Motion for Contempt for lost visitation of 03/13/2021. *ibid* [587.00]. On 03/31/2021, the request was granted (Nguyen-Odowd J.) the underlying motions to be heard at the now scheduled trial on 05/24/2021. *ibid* [587.10].

33. On 03/09/2021 the defendant filed a Request for Immediate Scheduling on all pending Motions for Contempt as the parental rights of the defendant-father are irreparable harmed and continue to be irreparable harmed on almost a weekly basis. *ibid* [574.00]. On 03/26/2021, the foregoing request was denied by the court (Nguyen-Odowd J.). *ibid* [574.10].

34. On 03/22/2021, the court granted the defendant-father's Application for waiver of appellate fees for the filing of this Writ of Error. *ibid* [Application 587.10]. The Writ of Error was signed by the Superior Court Clerk (with date change to a 04/13/2021 Return Date) and filed with the Superior Court on 04/01/2021. *ibid* [590.00]. The Writ of Error was served on the Plaintiff in Error on April 2nd, 2021 with a return date to the Appellate Court of 04/13/2021. *See Writ of Error with Signed Marshal's return.* The Writ of Error was filed with the Appellate Court on 04/09/2021 upon receipt of the Marshal's Return on 04/09/2021.

35. On 04/15/2021, defendant filed his 54th request to file a Motion for Contempt for lost visitation of 03/27/2021. *ibid* [593.00].

36. On The court has refused to scheduled or hear any of the outstanding 53 or more Motions for Contempt in a timely fashion and the repeated continuances has denied the defendant-father the protections of the court and has irreparably harmed the defendant-fathers parent-child relationship.

37. The trial court has marked to trial the hearing of the more than 50 outstanding motions for contempt for lost visitations spanning a period of 4 years. Trial has subsequently been continued to new trial dates no less than 10 times over a period of 3 years. This denies the immediate relief to an aggrieved parent of actions that interferes with the parent's custodial right over a significant period of time in a manner that cannot be redressed by a later appeal or order of the court.

38. By adopting an order not to hear any Motions for Contempt of Visitation rights till trial, the defendant-father is not afforded the protections of the court and creates irreparable consequences to the parent-child relationship. An immediate appeal seeking a Writ of Mandamus to order an immediate separate hearing on the Motions for Contempt is the only reasonable method of ensuring the important rights surrounding the parent-child relationship are adequately protected. See <u>Madigan v. Madigan, 224 Conn. 749, 755 (1993).</u>

39. Further, a hearing on a Motion for Contempt is to protect the substantive rights of the father. A Custody Hearing is to protect the best interests of the child. Evidence admissible in one hearing may not be admissible or can be prejudicial in the other hearing. As such, the hearings must be separate and held by different judges so as to protect the rights of the parties and the best interests of the child.

40. The defendant-in-error files this Writ-of-Error seeking a Mandamus order by the Appellate Court to require the trial court to bifurcate the Contempt hearings and the Custody hearings and immediately hold a hearing on the outstanding 53 plus motions for contempt so as to protect the substantive rights of the father and his parent-child relationship.

41. Defendant-in-Error is aggrieved by the orders of the trial court.

**Writ of Error #2**

1. This writ of error is brought from a decision of the Superior Court, Judicial District of Hartford, in the matter of Francelia Sakon v. John Alan Sakon, HHD-FA-16-6071228-S, to restore the overnight visitation rights of the defendant-father pursuant to the Stipulation of the parties entered into on 01/03/2017. Said visitation rights and stripped by the trial court sua sponte without proper cause.

2. John Alan Sakon ("defendant" and "defendant-father") is the party defendant-in-error in the underlying action.

3. Francelia Marie Sevin Sakon ("plaintiff" or "plaintiff-mother") is the party plaintiff in the underlying action.

4. The subject matter of this writ is not a criminal contempt. Therefore the Superior Court, Judicial District of Hartford is not a necessary party under Connecticut Practice Book § 72-3(e).

5. The parties filed a stipulation as to multiple overnight visitation rights of the father with the minor child on 01/03/2017. *ibid* [132.07].

6. The father was stripped of those visitation rights on 01/19/2018 by a sua sponte order of the court (Olear J.) after the defendant-father was arrested 6 times on 16 felonies and 1 misdemeanor for alleged violations of Protective Orders and Restraining Orders upon complaint of the plaintiff-mother. *ibid* [195.00].

7. The Supreme Court of Connecticut held in *In re Juvenile Appeal (Docket No. 10155), 187 Conn. 431, 443, 446 A.2d 808 (1982)* that **"The fact of incarceration, in and of itself, cannot be the basis for a termination of parental rights.** See also 3 D. Kramer, Legal Rights of Children (2005) § 28.14, p. 89. *In re Elvin G.,* 310 Conn.

9

485, 78 A.3d 797, 2013 Conn. LEXIS 378, 2013 WL 5911448; [T]he termination of parental rights is defined . . . as the complete severance by court order of the legal relationship, with all its rights and responsibilities, between the child and his parent . . . . It is, accordingly, a most serious and sensitive judicial action. . . . Although the severance of the parent-child relationship may be required under some circumstances, the United States Supreme Court has repeatedly held that the interest of parents in their children is a fundamental constitutional right that undeniably warrants deference and, absent a powerful countervailing interest, protection. <u>Stanley v. Illinois, 405 U.S. 645, 651, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972).</u>

8. After a series of jury trials in Criminal Court from October 2017 to July 2020, the defendant-father was exonerated of all his criminal arrests.

9. However, the court has not granted any of the defendant-father's Requests for Leave [latest filed on 02/22/2021 *See* [568.00]] for the restoration of the father's visitation rights pursuant to a stipulation of the parties leaving the matter to trial for "judicial economy".

10. Trial was set for 12/09/2019, but was continued to 03/16/2020, but was further continued to 12/14/2020; and was further continued to 02/22/2021.

11. On 02/16/2021, plaintiff-mother filed for a Motion for Continuance of the 02/22/2021, 02/23/2021, 03/04/2021 and 03/05/2021 trial dates due to the illness of counsel. *ibid* [562.00]. Defendant objected to yet another continuance of trial, this being the 10th continuance of the start of trial. *ibid* [563.00]. On 02/17/2021, the day before trial yet another continuance was granted. *ibid* [562.01]. And the objection overruled. *ibid* [563.01].

10

**12.** Therefore, by the court's refusal to hear the Motion for Restoration of Defendant-father's parental rights as stipulated to by the parties for "judicial economy", the defendant-father has been falsely arrested, did not see his son when he spent 4 months in prison unable to make bail, has been punished and continues to be punished for alleged crimes for which he has been completely exonerated at the detriment of his parent-child relationship with his son.

**13.** Although the severance of the parent-child relationship may be required under some circumstances, the United States Supreme Court has repeatedly held that the interest of parents in their children is a fundamental constitutional right that undeniably warrants deference and, absent a powerful countervailing interest, protection. *Stanley* v. *Illinois*, 405 U.S. 645, 651, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972); see also *In re Juvenile Appeal (83-CD)*, 189 Conn. 276, 295, 455 A.2d 1313 (1983) (noting that it is both a fundamental right and the policy of this state to maintain the integrity of the family).

**14.** In like fashion, the trial court's action to vacate the Stipulation Order of Overnight Visitations as to the defendant-father, as agreed to by the parties on 01/03/2017, due to 6 (false) arrests upon later complaint of the plaintiff-mother for alleged crimes is a violation of the defendant's Constitution rights of innocence until proven guilty. The refusal of the court to then restore said Overnight Visitation rights upon the exoneration of the defendant-father of all criminal charges brought constitutes double jeopardy. The father is not only falsely accused by a plaintiff-mother as an act of deliberate parental alienation, the important rights surrounding the parent-child relationship and parental rights of the defendant-father have been undermined.

**15.** The abuse of the criminal justice system by the plaintiff-mother creates irreparable consequences to the father's parent-child relationship. By not restoring the defendant-father's visitation rights, the defendant-father is not afforded the protections of the courts and creates irreparable consequences to the parent-child relationship. Where irreparable consequences arise, the defendant father has the right of appel.

**16.** The defendant-in-error seeks an order by the Appellate Court immediately restoring the parental rights of the father as per the Stipulation of the parties and prior order of the court, there being no evidence or circumstance upon which the court (Olear J.) could have vacated said stipulation on 01/19/2018.

**17.** On 02/22/2021, after the continuance of the 02/16/2021 trial, the defendant filed a Request for Leave to restore the visitation rights of the father pursuant to the Stipulation. On 03/12/2021, the foregoing request was denied by the court (Nguyen-Odowd J.). *ibid* [574.10].

**18.** On 03/22/2021, the court granted the defendant-father's Application for waiver of appellate fees for the filing of this Writ of Error. *ibid* [Application 587.10]. The Writ of Error was signed by the Superior Court Clerk (with date change to a 04/13/2021 Return Date) and filed with the Superior Court on 04/01/2021. *ibid* [590.00]. The Writ of Error was served on the Plaintiff in Error on April 2nd, 2021 with a return date to the Appellate Court of 04/13/2021. *See Writ of Error with Signed Marshal's return*. The Writ of Error was filed with the Appellate Court on 04/09/2021 upon receipt of the Marshal's Return on 04/09/2021.

**19.** The Plaintiff in Error is irreparably harmed by the court's failure to restore his visitation rights of his minor child. The non-party child is reparably harmed by the court's failure to restore the visitation rights of his father.

20. Defendant-in-Error is aggrieved by the order of the trial court.

**Writ of Error #3**

1. This writ of error is brought from a decision of the Superior Court, Judicial District of Hartford, in the matter of Francelia Sakon v. John Alan Sakon, HHD-FA-16-6071228-S, in denying the defendant-father's Motion in Limine [508.15] to exclude the Outdated Custody/Forensic Psychological Evaluation Report ("Custody Evaluation") filed by Dr. Linda Smith as the report is stale, outdated, irrelevant and inadmissible in assessing the present best interests of the child.

2. John Alan Sakon ("defendant" and "defendant-father") is the party defendant-in-error in the underlying action.

3. Francelia Marie Sevin Sakon ("plaintiff" or "plaintiff-mother" or "Sevin") is the party plaintiff in the underlying action.

4. The subject matter of this writ is not a criminal contempt. Therefore the Superior Court, Judicial District of Hartford is not a necessary party under Connecticut Practice Book § 72-3(e).

5. Dr. Linda Smith was appointed as the Custody Evaluator by the court on 01/19/2018. *See,* ibid [193.00]. Dr. Smith commenced work after payment of her retainer on 03/18/2018 and filed her report ("report") with the court on 12/06/2019. *See,* ibid [336.50].

6. The report filed with the court on 12/06/2019 relied, in part, on over 37 hours of investigations which took place in the year 2018. *See,* Case Full Exhibit 152, Linda Smith, PhD Invoice, as filed in HHD-FA-16-6071228-S.

**7.** The report, with a 552 day evaluation period, which relied upon substantial evidence gathered in 2018, was already outdated, stale, irrelevant and inadmissible at the time the report was submitted to the court. In finding the dated report admissible, the Court has abused discretion by fashioning an order based upon past conduct and outdated evidence rather than present ability to parent. O'Neill v. O'Neill, 13 Conn. App. 300, 303-304, cert. denied, 207 Conn. 806 *(1988).*

**8.** The first day of trial is now scheduled for 05/24/2021. The report will be 1 year, 5 months and 18 days (or 535 days) old at the start of trial. The report will rely upon evidence which is 2 years, 11 months and 23 years old at the start of trial.

**9.** "***What was in the best interest of a child a year ago may not be in the best interest of a child today*** *"Merkel v. Hill*, 189 Conn. App. 779, 207 A.3d 1115 (Conn. App. Ct. 2019). *The Connecticut Appellate Court held in Merkel that "the trial court is bound to consider the [children's] present best interests and not what would have been in [their] best interests at some previous time." (Emphasis in original; internal quotation marks omitted.) Collins v. Collins,* 117 Conn. App. 380, 391–92, 979 A.2d 543 *(2009).*

**10.** The defendant-father's Motion in Limine to exclude the report has been denied on 01/11/2021. *See*, ibid [506.15]. The defendant-father's 02/19/2021 Motion to Reconsider his Motion in Limine and appoint a new Custody Evaluator (*See,* ibid [565.00]) was denied by the court on 02/23/2021. *See,* ibid [565.01]. An application for waiver of fees to file a Writ of Error was filed with the court on 03/08/2021 [572.00] and was rejected by the court on 03/12/2021. *See* [572.10].

**11.** A second application for waiver of fees was filed with the court on 03/19/2021 [588.00]. On 03/22/2021, the court granted the defendant-father's 2nd

14

Application for waiver of appellate fees for the filing of this Writ of Error. *ibid* [Application 587.10]. The Writ of Error was signed by the Superior Court Clerk (with date change to a 04/13/2021 Return Date) and filed with the Superior Court on 04/01/2021. *ibid* [590.00]. The Writ of Error was served on the Plaintiff in Error on April 2nd, 2021 with a return date to the Appellate Court of 04/13/2021. *See Writ of Error with Signed Marshal's return.* The Writ of Error was filed with the Appellate Court on 04/09/2021 upon receipt of the Marshal's Return on 04/09/2021.

**12.** Under Connecticut Case law the report is outdated, stale, irrelevant and inadmissible due to the passage of time. The instant case is now almost five years old, is highly contentious and portends several weeks of trial. The admission of the report will cause irreparable harm to the parties in terms of money, in terms of undermining the parent-child relationships and may cause even more **irreparable damage** to the minor child by extending the action with possible conflicts of the parents and likely appeals that will ultimately harm the child.

**13.** Applying the standard articulated in <u>State v. Curcio, 191 Conn. 27, (1983)</u>, the Supreme Court has allowed the immediate appeal of arguably interlocutory orders in a variety of circumstances. <u>Madigan v. Madigan, 224 Conn. 749, 755 (1993).</u> To deny immediate relief of appeal as to inadmissible evidence to an aggrieved parent can and will interfere with the parent's custodial right over a significant period in a manner that cannot be addressed by a later appeal. The right of later appeal will not be an adequate substitute to vindicate evidentiary as well as the substantive rights implicated by the trial court's order to admit the outdated report. The admission of the report provides a paved avenue for either parent to appeal an unpleasant verdict with a high likelihood of

reversal therefore requiring a new trial. The parents and the child will suffer irreparable harm.

**14.** This is clear error. The denial of defendant-father's motion in Limine of the outdated report should be reversed. Trial is several months away. There is more than enough time to order a fresh custody evaluation before trial. The appellate court should so order.

15. Defendant-in-Error is aggrieved by the order of the trial court.

**Writ of Error #4**

1. This writ of error is brought from a decision of the Superior Court, Judicial District of Hartford, in the matter of Francelia Sakon v. John Alan Sakon, HHD-FA-16-6071228-S, in denying the defendant-father's Request for Leave to file a Motion for Summary Judgment [501.00] granting sole Legal and Physical Custody of the minor child to the defendant-father pursuant to the pleadings.

2. The law firm of Freed Marcroft LLC filed complaint seeking dissolution of the marriage on behalf of the Plaintiff-mother on 09/14/2016. See Complaint.

3. In her complaint, the plaintiff-mother did not seek or claim any custodial rights of the minor child Odin William Sakon.

4. In his answer and counterclaim filed on 11/07/2016 [110.00], the defendant father claimed Legal and Physical Custody of the minor child Odin William Sakon.

5. On 04/03/2018, a judgment of uncontested dissolution was granted [215.00] based upon a bifurcated dissolution agreement ("BDA") [214.00].

6. The BDA states: *"The parties acknowledge that as of the date hereof, they have been unable to resolve the issues related to custody, access and care of their*

*minor child, Odin Sakon (age 6). The issues shall be resolved by subsequent proceedings after completion of the custody evaluation being conducted by Dr. Smith."*

7. Where there is an award of custody to one parent, the court must hold a hearing as to the appropriate parenting time to the noncustodial parent. C.G.S.§ 46b-56(b)(3).

8. In entering into the BFA, the defendant-father reasonably relied on the closed pleadings whereby the mother did not claim custody of the minor child and the defendant-father would have sole and legal custody of the minor child and further proceedings were only related to parenting time of the noncustodial parent as provided by the BFA.

9. In her Proposed Orders filed on 12/19/2020 [510.00], the plaintiff-mother seeks sole physical and legal custody of the minor child.

10. That the Proposed Orders of the plaintiff-mother are contrary to the BFA.

11. That the jurisdiction of the court is based upon specific claims found in the writ, summons, complaint, answer filed by the parties.

12. That by her failure to claim sole legal and physical custody of the child in her complaint, the plaintiff-mother has failed to invoke the jurisdiction of the court.

13. That by her failure to claim sole legal and physical custody of the minor child in the BFA, the plaintiff-mother has waived her rights to further proceedings on said matter and has failed to invoke the jurisdiction of the court under the Connecticut General Statures.

14. That the court has no jurisdiction to hear the proposed orders of the plaintiff-mother as filed on 12/19/2020.

17

15. That the court only has jurisdiction to hold a hearing as to the appropriate parenting time to the noncustodial parent pursuant to C.G.S. § 46b-56(b)(3).

16. That Summary Judgment should issue awarding the defendant-father sole legal and physical custody.

17. That issues of jurisdiction of the court must be heard by the court and may be raised at any time during the proceedings.

18. Defendant-in-Error is aggrieved by the refusal of the trial court to hear its Motion for Summary Judgment as to an award of sole legal and physical custody of the minor child as the court has no jurisdiction to consider the proposed orders of the plaintiff-mother.

WHEREFORE, John Alan Sakon claims the following relief.

1. Any hearing on the Motions for Contempt and the Custody Proceeding be bifurcated;
2. The trial court be ordered to the court assign all outstanding Motions for Contempt for an immediate hearing before the first available judge;
3. The defendant-father be restored his overnight visitations rights pursuant to the Stipulation of the parties;
4. The Motion in Limine be ordered sustained;
5. The court shall order a new Custody Evaluation to determine the visitation rights of the non-custodial plaintiff-mother;
6. That the trial court be ordered to hear and rule on defendant-father's Motion for Summary Judgment and award the defendant-father sole legal and physical custody of the minor child.

18

7. And any other relief that this court may deem proper.

I certify that: (i) the foregoing complies with all the applicable rules of appellate procedure and (ii) the foregoing has been redacted or does not otherwise contain any names or other personal identifying information that is prohibited from disclosure by rule, statute, court order, or case law; and (iii) the foregoing document is type Arial 12. And that copy of this document has been sent to all parties of record in the Superior Court.

BY: *John Sakon*

John Alan Sakon, Pro Se
28 Fenwick Drive
Farmington, Connecticut 06032
860-793-1000 (cell)
860-675-4600 (fax)
johnsakon@sakon.biz

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent via email, facsimile and/or first class mail of the aforementioned date to the following:

Judge Tammy Nguyen-Odowd, Superior Court 90 Washington Street Hartford, CT; Freed Marcroft, LLC; 419 Main Street, Hartford, CT 06103 Conant Attorney Seth (seth@freedmarcroft.com); Law Office of Sue A. Cousineau, 124 Washington Street – Suite 201; Middletown, CT 06457; sue.cousineau@suecousineaulaw.com; Morrison Mahoney LLP, One Constitution Plaza, 10th Floor, Hartford, CT 06103; cjoyce@morrisonmahoney.com; Dennis Francis O'Toole, 21 Northwood Street, Enfield, CT 06082; Wilson Elser Moskowitz Elelman & Dicker 1010 Washington Street Blvd Suite 603, Stamford, CT 06901, eric.niederer@wilsonelser.com

BY: *John Sakon*